Hon. Stanley A. Bastian

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADLEY SHEPHERD, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, a Washington Municipality; and the SEATTLE POLICE DEPARTMENT; and DOES 1 to 10 inclusive,<br><br>                    Defendants. | No.   2:22-CV-00019-SAB<br><br>**CITY OF SEATTLE'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES**<br><br>**NOTE ON MOTION CALENDAR FOR: JANUARY 20, 2023** |

## I.     INTRODUCTION & RELIEF REQUESTED

Plaintiff Adley Shepherd ("Plaintiff") is a former officer of the City of Seattle, ("City/Defendant") Seattle Police Department. Plaintiff filed his Complaint in this matter on January 7, 2022. Dkt. #1. Plaintiff's claims stem from the November 2016 termination of his employment with the City. Plaintiff's employment was terminated after a June 2014 incident in which he punched a handcuffed suspect in the face, fracturing her skull.

Plaintiff's Complaint alleges a variety of categories of damages, including loss of pay and wages, benefits, and loss of career advancement and earning capacity. When the City propounded

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES (2:22-CV-00019-SAB) - 1

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

discovery on Plaintiff to further assess the scope and nature of his damages, it received very little information in response. The City requested supplementation, particularly with respect to the security/investigations business Plaintiff started after his termination. After several conferences with Plaintiff's prior and current counsel, the parties agreed to extend the expert-related deadlines by six weeks to allow time to discuss requested documents and supplementation related to expert reports.

However, Plaintiff has still not produced the requested documents. The extended deadline for initial expert disclosures is fast approaching, and Plaintiff still has not provided the City with the information its economics expert needs in order to assess Plaintiff's purported economic damages. The City respectfully requests that this Court grant its motion to compel the requested financial information. The City also respectfully requests that the court extend the expert disclosure deadlines out by an additional two to three weeks so that the parties' experts can assess the financial information received.

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges a variety of causes of action stemming from the termination of his employment as a police officer with the City. Dkt. 1. Plaintiff also alleges damages that include loss of pay and wages, benefits, career advancement and earning capacity. *Id*., ¶¶ 82, 87. On April 8, 2022, the City served Plaintiff with its First Interrogatories and Requests for Production. Declaration of Sarah Tilstra (Tilstra Decl.) at ¶ 2. Plaintiff requested, and the City granted, four extensions of time for Plaintiff to respond to the City's discovery requests. *Id*. Plaintiff served his responses on June 10, 2022. *Id*.

The City's discovery requests included interrogatories and requests for production aimed at assessing Plaintiff's purported damages. Plaintiff's earnings and mitigation efforts after his

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES (2:22-CV-00019-SAB) - 2

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

termination are, of course, relevant to Plaintiff's claimed economic damages. In his discovery responses, Plaintiff stated that in July of 2017 (less than a year after his termination from the City), he founded his own private security and investigative agency. Tilstra Decl. at ¶ 3, Exh. A (Response to Interrogatory No. 12). This was the only employment Plaintiff listed post-termination. *Id*.

The City propounded an interrogatory asking Plaintiff to state with specificity each item of damage he was claiming (Interrogatory No. 11), and to produce related documents (Request for Production No. 11). Tilstra Decl. at ¶ 3, Exh. A. In response, Plaintiff stated that he had not yet computed his damages but would supplement. *Id*. The City also propounded an interrogatory asking Plaintiff to describe steps taken to mitigate his damages (Interrogatory No. 12), and to produce related documents (Request for Production No. 12). *Id*. Plaintiff listed other law enforcement agencies to which he applied, but did not provide any information regarding his private security and investigative agency. *Id*. The only financial information Plaintiff produced was 2018-2021 tax returns. Tilstra Decl. at ¶ 3.

After Plaintiff did not further supplement his production, counsel for the City emailed Plaintiff's attorney on October 13, 2022, requesting supplementation of missing documents and information sought in the City's April 8, 2022 discovery, including business expense backup documentation, electronic data files from any accounting software used, and any business contracts. Tilstra Decl. at ¶ 4, Exh. B. Counsel noted that the documents were necessary to assess Plaintiff's alleged damages. *Id*. In a telephone conference on October 17, 2022, Plaintiff's attorneys noted confidentiality concerns regarding release of Plaintiff's client business contracts, and stated that they would work to address these concerns, including considering the option of marking documents

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES (2:22-CV-00019-SAB) - 3

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

as Confidential under the parties' Protective Agreement.[1]  Tilstra Decl. at ¶ 4.

Counsel for the City followed up on October 19, and Plaintiff's counsel said they were looking into the confidentiality of some of the records and would respond the following week.  Tilstra Decl. at ¶ 5, Exh. C.  On October 25, 2022, the City's counsel again asked about the requested documents.  *Id*.  This time, instead of providing the documents or further discussing the issue, Plaintiff's counsel responded that a substitution of counsel was coming shortly.  *Id*.

On October 28, 2022, attorney Eric K. Helmy filed a proposed order requesting he be substituted for Plaintiff's previous attorneys, Lisa R. Elliott and Joseph W. Creed.  Dkt. 17.  On November 4, 2022, the City's counsel emailed Mr. Helmy asking to discuss outstanding discovery and other issues.  Tilstra Decl. at ¶ 6, Exh. D.  Counsel followed up with a phone message on November 8, 2022.  Tilstra Decl. at ¶ 6.  On November 10, 2022, after receiving no response, counsel for the City again emailed, requesting a meet and confer pursuant to Local Rule 37(a).  *Id*. at ¶ 6, Exh. D.  On November 10, 2022, Plaintiff's new counsel responded and agreed to a meet and confer on November 16, 2022.  *Id*.

Counsel for the City conferred with Plaintiff's counsel on November 16, 2022.  The parties agreed to extend the expert-related deadlines.  The City's counsel submitted an agreed stipulation extending the deadline for initial expert reports from December 6, 2022, to January 17, 2023, which this Court signed on November 23, 2022.  Dkt. 19.  Counsel for the City sent Plaintiff's counsel an e-mail that same day, again laying out the categories of documents the City sought.  Tilstra Decl. at ¶ 7, Exh. E.  The City's counsel followed up a week later, on November 30, regarding the status of the document production, and was told by Plaintiff's counsel that he would be speaking with

---

[1] Although the Court did not sign the order, the parties entered into an agreement regarding how confidential material would be handled.  *See* Dkts. 12 and 13.

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES (2:22-CV-00019-SAB) - 4

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

his client and co-counsel the following week. *Id*. The City's counsel sent additional follow-up emails on December 8 and 14, and suggested a time for a discovery conference. *Id*. The parties conferred by phone on December 20, 2022, regarding several topics. Tilstra Decl. at ¶ 7. During the call, Plaintiff's counsel noted confidentiality concerns with the business documents, but indicated they would be produced. *Id*.

On January 3, 2023, Plaintiff's counsel emailed the City's counsel a 30(b)(6) notice. Tilstra Decl. at ¶ 8, Exh. F. Plaintiff's counsel also stated that, with respect to the production, he understood he had received everything from his client, would work to get the protective order to the City's counsel for signature, and production would follow within a day or so. *Id*. The City's counsel responded requesting clarification as to what additional agreements regarding protection were necessary. *Id*. The City's counsel attempted to get in touch with Plaintiff's counsel via telephone on the date of this filing, but was unsuccessful. Tilstra Decl. at ¶ 8.

### III.     EVIDENCE RELIED UPON

The City relies upon the pleadings in this case, as well as the Tilstra Declaration and the exhibits thereto.

### IV.     AUTHORITY

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26. Absent agreement otherwise, the deadline for a party to respond to interrogatories and requests for production is within thirty days of service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). When an opposing party fails to answer interrogatories or requests for production, a party may move for an order compelling a response. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE
DEADLINES (2:22-CV-00019-SAB) - 5

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Documents related to plaintiff's investigations/security business are unquestionably relevant and responsive to the City's discovery requests. Backup documentation for Plaintiff's business expenses, electronic data files from accounting software used by Plaintiff for his business, and Plaintiff's business contracts are all relevant and responsive, and are necessary in order to assess Plaintiff's purported economic damages. *See, e.g., Sullivan v. Conway*, No. 93 C 4947, 1995 WL 573421, *1-2 (N.D. Ill., Sept. 27, 1995) (motion to compel backup documentation for business expenses granted; documents relevant to whether plaintiff sustained loss of income).

Furthermore, the City provided Plaintiff with several extensions of time to respond to the City's discovery requests. When Plaintiff did not supplement his initial production, the City's counsel engaged Plaintiff's counsel in writing and by telephone conference regarding supplementation. The extended deadline for expert disclosures and reports is fast approaching, and the City does not have all of the information necessary to produce an expert report on Plaintiff's economic damages.

Prior to filing a motion for order compelling discovery, Local Civil Rule 37 requires the party filing the motion to certify that the movant has, in good faith, conferred or attempted to confer with the person failing to make discovery in an effort to resolve the dispute without Court action. LCR 37(a). The City has made a good faith effort to confer with Plaintiff to resolve the issue without Court action (*see* Tilstra Decl. at ¶¶ 4-8, Exhs. B-F), but has filed this motion because after several months those efforts have not yielded the requested documents.[2] The City remains hopeful that this issue will be resolved prior to the noting date for this motion, and without Court intervention.

---

[2] The City is also willing to engage in an informal conference with Plaintiff's counsel and the Court regarding this issue, an option mentioned by the Court in the March 15, 2022, scheduling conference hearing. *See* Dkt. 10.

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES (2:22-CV-00019-SAB) - 6

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## V. CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its motion, compel Plaintiff to produce the requested supplementation regarding his business, and extend the expert disclosure deadlines to allow the parties' experts to appropriately assess the supplemental documents. The City requests that the initial expert disclosure deadline be extended three weeks to February 7, 2023, and that the rebuttal expert disclosure deadline and Daubert motion deadline each be extended two weeks, to March 2, 2023 (rebuttal) and March 10, 2023 (Daubert).

DATED this 5th day of January, 2023.

        ANN DAVISON
        Seattle City Attorney

By:   s/ Sarah Tilstra
       SARAH TILSTRA, WSBA #35706
       DEBORAH FIANDER, WSBA #23277
       Assistant City Attorneys
       Seattle City Attorney's Office
       701 Fifth Ave., Suite 2050
       Seattle, WA  98104-7095
       Ph: (206) 684-8200
       Fax: (206) 684-8284
       sarah.tilstra@seattle.gov
       deborah.fiander@seattle.gov

       Attorneys for Defendant
       City of Seattle, Seattle Police Department

CITY'S MOTION TO COMPEL AND EXTEND EXPERT DISCLOSURE DEADLINES (2:22-CV-00019-SAB) - 7

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200