UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADLEY SHEPHERD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, a Washington Municipality; and the SEATTLE POLICE DEPARTMENT,<br><br>Defendants. | NO. 2:22-CV-00019-SAB<br><br>**ORDER GRANTING DEFENDANT CITY OF SEATTLE'S MOTION FOR PROTECTIVE ORDER** |

Before the Court is Defendant City of Seattle's Motion for Protective Order, ECF No. 29. The motion was heard without oral argument.[1] Plaintiff is represented by Eric Helmy. Defendants are represented by Deborah Fiander and Sarah Tilstra.

Plaintiff filed this lawsuit on January 7, 2022. He alleged that his 2016 termination of his employment with the Seattle Police Department, subsequent reinstatement, appeal and ultimate Court of Appeals ruling that vacated the reinstatement evidenced negligence, negligent supervision, breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, and racially disparate treatment in employment and racially hostile work environment under 42 U.S.C. § 1981,

---

[1] In his response, Plaintiff requested oral argument. Pursuant to LR 7, the Court has determined that oral argument is not necessary.

**ORDER GRANTING DEFENDANT CITY OF SEATTLE'S MOTION FOR PROTECTIVE ORDER** ~ 1

Title VII (42 U.S.C. § 2000e) and the Washington Law Against Discrimination, Wash. Rev. Code § 49.60 (WLAD).

Notably, in response to Defendant's Motion for Summary Judgment, Plaintiff withdrew his Title VII, WLAD, negligence, negligent supervision, intentional infliction of emotional distress and negligent infliction of emotional distress claims. Thus, the only remaining claims are his (1) breach of contract claim; (2) breach of the duty of good faith and fair dealing; and (3) racial discrimination claims under 42 U.S.C. § 1981.

On January 3, 2023, Plaintiff served Defendant with a Fed. R. Civ. P. 30(b)(6) Notice of Deposition, setting a 2-day deposition with the first day scheduled for January 12, 2023. The parties' met and conferred and were unable to reach an agreement regarding the duration and scope of the deposition, but agreed the deposition would not take place on that day.

On January 19, 2023, Defendant filed the instant motion, asking the Court to quash the 30(b)(6) Notice of Deposition.

## Legal Authority

Fed. R. Civ. P. 26(b)(1) provides:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

## Discussion

The Court finds good cause to grant Defendant's motion. Plaintiff's discovery requests as presented in the Fed. R. Civ. P. 30(b)(6) Notice are overly

**ORDER GRANTING DEFENDANT CITY OF SEATTLE'S MOTION FOR PROTECTIVE ORDER** ~ 2

broad, unduly burdensome, cumulative, and not proportional to the needs of the case given that Plaintiff has withdrawn many of his claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant City of Seattle's Motion for Protective Order, ECF No. 29 is **GRANTED**.

2. Plaintiff's January 3, 2023 Fed. R. Civ. P. 30(b)(6) Notice of Deposition is **QUASHED**.

3. Plaintiff may re-serve Defendant with a revised Fed. R. Civ. P. 30(b)(6) Notice of Deposition in compliance with Fed. R. Civ. P. 26, 30, and 34.

4. Plaintiff shall not set its Fed. R. Civ. P. 30(b)(6) deposition for a second day without leave of the Court or Defendant's express written consent.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 14th day of February 2023.

_____
Stanley A. Bastian
U.S. District Court

**ORDER GRANTING DEFENDANT CITY OF SEATTLE'S MOTION FOR PROTECTIVE ORDER ~ 3**