UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADLEY SHEPHERD, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE, a Washington Municipality; and the SEATTLE POLICE DEPARTMENT,<br><br>    Defendants. | NO.  2:22-CV-00019-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant City of Seattle's Motion for Summary Judgment, ECF No. 21. The motion was heard without oral argument.[1] Plaintiff is represented by Eric Helmy. Defendants are represented by Deborah Fiander and Sarah Tilstra.

Plaintiff is a former City of Seattle police officer who was terminated in November 2016. The Seattle Police Officers Guild (SPOG) appealed the termination. The Disciplinary Review Board (DRB) held a five-day hearing in

---

[1] The Court has determined pursuant to LR 7 that oral argument is not necessary.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**   ~ 1

June 2018. It issued its award on November 19, 2018, reinstating Plaintiff and reducing his discipline to a 15-day suspension.

In December 2018, Defendant City of Seattle applied to King County Superior Court for a writ of review of the DRB's award. The superior court granted the writ and SPOG filed a counterclaim for a breach of the parties' Collective Bargaining Agreement (CBA) and enforcement of the DRB's award. Defendant moved to vacate the DRB's award on the grounds that Plaintiff's reinstatement violated the explicit, dominant, and well-defined public policy against excessive use of force in policing. The superior court ruled the DRB's award was so lenient that it violated the public policy against the use of excessive force in policing.

SPOG appealed that ruling to the Washington Court of Appeals. The Court of Appeals issued a 45-page published opinion in April 2021. It affirmed the superior court's ruling, finding that a public policy existed, that the DRB's decision violated that policy, and that the superior court did not err in refusing to enforce SPOG's claim for breach of the CBA. The Washington Supreme Court denied SPOG's petition for review.

Plaintiff filed this lawsuit on January 7, 2022, alleging negligence, negligent supervision, breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, and racially disparate treatment in employment and racially hostile work environment under 42 U.S.C. § 1981, Title VII (42 U.S.C. § 2000e) and the Washington Law Against Discrimination, Wash. Rev. Code § 49.60 (WLAD).

After Defendant moved for summary judgment, arguing that Plaintiff's claims were time-barred, Plaintiff withdrew a number of his claims including the claims for negligence, negligent supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, as well as the claims under Title VII and the WLAD. The remaining claims, then, are Plaintiff's breach of contract claim; breach of the duty of good faith and fair dealing; and the 42 U.S.C. § 1981

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

claim.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

Analysis

A.     42 U.S.C. § 1981[2]

Defendant argues that Plaintiff's § 1981 claim is time-barred and cannot, as a matter of law, be based on conduct that occurred after he was terminated from his employment. Additionally, it asserts that Plaintiff failed to allege and failed to show that any violation of § 1981 was part of Defendant's policy or custom, as required under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court agrees.

First, claims under § 1981 are governed by the federal "catch-all" four-year statute of limitations period. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Thus, the § 1981 action must be based on events occurring after January 7, 2018 (four years preceding the filing Plaintiff's Complaint) unless the claims fall under the continuous violation theory. Under this theory, a plaintiff can show a "series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before or during the limitations period." *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1480 (9th Cir. 1989).

Plaintiff argues that two instances of discrimination are at play in this case: (1) the City's refusals to conduct use-of-force reviews in the course of investigations into Plaintiff's actions, as well as the failure to investigate the conduct of the suspect; and (2) Defendant's decision to seek review of Plaintiff's reinstatement by the DRB with King County Superior Court. The first instance is

---

[2] 42 U.S.C. § 1981 provides:
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  ~ 4**

clearly outside the statute of limitations for a § 1981 action. As a matter of law, the Court finds that the alleged faulty investigations are not closely related to the decision to seek review of the DRB's reinstatement to permit them to be the basis for Plaintiff's § 1981 claim.

Second, while the decision to seek review of Plaintiff's reinstatement falls within the statute of limitations, this event took place after Plaintiff was terminated. Thus, as a matter of law, it cannot serve as an adverse employment decision for Plaintiff's disparate treatment claim,[3] nor can it be the basis of Plaintiff's hostile workplace.[4] Plaintiff was no longer employed when the alleged

---

[3] To survive summary judgment with respect to his disparate treatment claim under § 1981, Plaintiff must establish a prima facie case of discrimination by showing that Plaintiff (1) belonged to a protected class; (2) performed his job satisfactorily; (3) experienced an adverse employment action and (4) similarly situated individuals outside of Plaintiff's race were treated more favorably. *Surrell v. Calif. Water Serv. Co.*, 518 F.3d 1097 (9th Cir. 2008) (noting that Courts apply the familiar *McDonnell Douglas* burden shifting framework for § 1981 claims). If Plaintiff establishes a prima facie case, the burden then shifts to Defendants to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *Id.* If Defendant articulates a legitimate reason for its action, "the presumption of discrimination drops out of the picture, and [Plaintiff] may defeat summary judgment by satisfying the usual standard or proof required ... under Fed.R.Civ.P. 56(c)." *Id.* (quotation omitted).

[4] To survive summary judgment with respect to his hostile work environment claim under § 1981, Plaintiff must raise a triable issue of fact as to whether (1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 5**

conduct took place so he can not show that he experienced an adverse employment decision.

More important, Plaintiff's § 1981 claim, either based on disparate treatment or hostile work environment, fails because in order to successfully sue Defendant, a municipality, under § 1981, the alleged wrongful conduct must be the result of a "policy or custom" of the municipality. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996). Stated another way, like 42 U.S.C. § 1983, § 1981 does not impose respondeat superior liability on state actors. *Id.*

Here, Plaintiff has not alleged nor shown that the decision to appeal the DRB's reinstatement was the result of an official policy, longstanding practice or custom, or a decision of a final policymaker. As such, his § 1981 claim fails as a matter of law.

### B. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Here, the Court has granted summary judgment on Plaintiff's federal claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss those claims without prejudice.

//
//
//

---

conditions of his employment and create an abusive work environment. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

2. The District Court Clerk is directed to enter judgment in favor of Defendants and against Plaintiff on Plaintiff's § 1981 claim.

3. The remaining claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and **close** the file.

**DATED** this 23rd day of February 2023.

_____
Stanley A. Bastian
U.S. District Court

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 7**